# ATTACHMENT A

CONFIDENTIAL

## SETTLEMENT AGREEMENT, RELEASE
## OF CLAIMS AND COVENANT NOT TO SUE

    This Settlement Agreement is made and entered into on this the 8th day of ~~March~~ April, 2013, by and between Gregory Sweet, Jaqueris Bouttry, Pierre Brown, Denise Powell, Pamela Rooks, Tausha Saxton, Morgan Stovall and Conan Wilson and all of their heirs, executors, administrators, successors and assigns on the one hand ("Employees") and ClearSignal Networks LLC, ClearSignal Network Solutions, Inc., Robert Henry and Judy Gordon Henry and all of its assigns, parent companies, subsidiary companies, commonly owned or controlled companies, officers, directors, shareholders, insurers, employees, and agents ("Company") on the other hand, all of whom together may be sometimes referred to herein as "the Parties."

## W I T N E S S E T H

    WHEREAS, Employees were previously employed by Company; and

    WHEREAS, Employees filed suit in the United States District Court for the Northern District of Georgia, said case having been assigned Civil Action File No. 1:12-CV-02447-RLV (the "Litigation"), alleging they were owed unpaid minimum wages, unpaid overtime pay, unpaid commissions and other relief; and

    WHEREAS, Company disputed and continues to dispute Employees' claims, asserting that Employees were properly paid; and

    WHEREAS, the Parties have engaged in extensive settlement negotiations and have reached the agreement set forth herein.

    NOW THEREFORE, for and in consideration of the agreement set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties hereby covenant and agree as follows:

1.    Settlement

    (a)    Following execution of this Agreement, as specified below, Company shall pay to or on behalf of Employees the gross total sum of Twenty Three Thousand Five Hundred Dollars and No Cents ($23,500.00) as full and final settlement of any and all matters and disputes between Employees and Company, up to the date of this Agreement ("Settlement Payment"). The Settlement Payment shall be paid to Employees as follows: one (1) check payable to Mays & Kerr LLC in the gross amount of Eleven Thousand Five Hundred and No Cents ($11,500.00) as compensation for all losses, including, but not limited to for all injuries, losses or damages Employees may have incurred or which are reasonably attributed to the claim and the resolution of those claims set forth herein, to be held in trust and distributed by Mays & Kerr LLC to Employees;

Initials _____

CONFIDENTIAL

(b)     Four checks payable to Mays & Kerr LLC each in the amount of Three Thousand Dollars and No Cents ($3,000.00) as compensation for all costs and attorneys' fees.

(c)     The Settlement Payments due Employees shall be paid within ten (10) days of the Effective Date of this Agreement as defined below.  The payments to Mays & Kerr will be made in four monthly payments, which will commence one month after the Settlement Payment date set forth in this Agreement.

2.     General Release.

(a)     In consideration of the Settlement Payments and the other obligations of this Agreement, Employees, as defined above, release and forever discharge Company, as defined above, from all actual and potential claims, complaints, demands, causes of action, damages, costs, expenses, fees, and other liabilities of every sort and description, direct or indirect, fixed or contingent, known or unknown, suspected or unsuspected, and whether or not liquidated, including, without limitation, claims based upon preexisting acts occurring at any time up to the date of this Agreement, except claims that may arise as to the enforcement of this Agreement, which may result in future damages or injury (collectively, the "Claims"), arising out of, caused by, or otherwise related in any way to:

(1)     violations or alleged violations of any federal, state or local statute or ordinance or common law, including, but not limited to, the Constitution of the United States or of any State, the statutory or common laws of the United States or of any State, including, but not limited to: the Fair Labor Standards Act; Title VII of the Civil Rights Act of 1964; the Americans With Disabilities Act; the Age Discrimination in Employment Act; the Employee Retirement Income Security Act of 1974; the Family and Medical Leave Act of 1993; O.C.G.A. §10-1-702 and claims that in any way relate to Employees' employment with Company, including but not limited to claims for compensation, including minimum wage, commissions, overtime compensation, liquidated damages, interest and/or penalties, benefits of any kind, or unused accrued vacation or sick pay and claims for attorneys' fees, expenses or costs arising out of the Litigation;

(2)     failure on the part of Company, as defined above, as to any duty or obligation whatsoever based on any act occurring up to the date of this Agreement.

(b)     The Parties agree that the Settlement Payment described in paragraph 1 above is given in full accord and satisfaction of any and all claims that Employees have or may have against Company, as defined above.

Initials _____

CONFIDENTIAL

(c)    It is the intention of the Parties that this Agreement be read as broadly as possible such that Company shall have no further obligations or liability of any sort or nature to Employees, directly or indirectly, other than as set forth herein.

(d)    In consideration of the Settlement Payment and the other obligations of this Agreement, except where such covenant would be specifically prohibited by law, Employees further covenant not to file any further suit or make any further claim of any kind against Company, as defined above, for any actions or omissions whatsoever, whether known or unknown, suspected or unsuspected which existed or may have existed prior to, or contemporaneously with, the execution of this Agreement.

(e)    Employees agree not only to release Company, as defined above, from any and all claims as stated above, which they could make on his own behalf, but also any and all claims, which may be made or could be made by any other person or organization on his behalf.  Employees specifically waive any right to become, and promise not to become, a member of any class or other group in a case in which a claim against Company, as defined above, is made involving any events occurring up to and including the date of this Agreement, except where such waiver is specifically prohibited by law.

(f)    Company makes no representations and provides no guarantee or assurance regarding the tax consequences to Employees for payment of the Settlement Payment.

(g)    Employees shall be responsible for any and all taxes that may be due as a result of the Settlement Payment.

3.    <u>Non Disparagement</u>

(a)    Employees agree not to criticize, disparage, or otherwise demean in any way Company or its' services, products, officers, directors or employees.

(b)    Company agrees that it will not by or through its officers, directors or agents criticize, disparage, or otherwise demean in any way the Employees.

4.    <u>No Admission of Liability</u>

Company does not concede or admit with respect to Employees, it has violated any law, statute, ordinance or contract and/or failed as to any duty or obligation whatsoever, or engaged in any kind of wrongful conduct.  Indeed, Company specifically denies it has engaged in any such conduct.  Company enters into this Agreement solely in the interest of avoiding additional costs, which would result from litigation and Employees acknowledge the consideration described in this Agreement is adequate and sufficient and represents a full and complete settlement of any and all claims and/or rights as more fully described herein.

Initials _____

CONFIDENTIAL

5.   <u>Dismissal of Litigation</u>

Within three (3) business days of the execution of this Agreement, Employees shall request that the Court administratively close the Litigation pending Employees' receipt of the entire Settlement Payment. Employees agree that within three (3) business days of receipt of the entire Settlement Payment they will instruct their attorneys to file a dismissal with prejudice of the Litigation.

6.   <u>General Provisions</u>

(a)   Employees represent, warrant and agree they have not, and will not, assign, convey, or otherwise transfer any interest in any claims or other liabilities or obligations which are the subject of this Agreement.

(b)   Employees represent, warrant and agree they will not institute, maintain, voluntarily assist in or otherwise encourage any suit, action, or other proceedings at law, in equity, or otherwise, against Company. However, subject to the terms of Paragraph 3 of this Agreement, nothing herein shall prevent Employees from complying with any court subpoena or order provided that Employees, through their attorneys, if any, give Company notice of such subpoena or order immediately upon receipt.

(c)   Employees acknowledge and the Parties agree that the Settlement Payment and other consideration provided for herein is in addition to any other amounts to which Employees may be entitled.

(d)   Employees acknowledge that they have read and fully understand the terms of this Agreement, with adequate opportunity and time for such review; that this Agreement has been the result of substantive negotiations in which Employees were represented by counsel of their choosing; and they are fully aware of its contents and of its legal effect. Accordingly, this Agreement shall not be construed against any party on the grounds that such party drafted this Agreement. Instead, this Agreement shall be interpreted as though drafted equally by all parties. Employees enter into this Agreement freely and voluntarily and with a full understanding of its terms. Employees acknowledge that except as expressly set forth herein, no representations of any kind or character have been made to them by Company to induce execution of this document. Employees further state that the only representations made to them in order to obtain their consent to this Agreement are stated herein and they are signing this Agreement voluntarily and without coercion, intimidation or threat of retaliation.

(e)   This Agreement embodies the entire understanding of the Parties and all of the terms and conditions with respect to the matters discussed herein; it supersedes and annuls any and all other or former agreements, contracts, promises or representations, whether written or oral, expressed or implied, made by, for or on

Initials _____

CONFIDENTIAL

behalf of Company, and it may not be altered, superseded or otherwise modified except in writing signed by the party to be charged.  All executed copies of this Agreement are duplicate originals, equally admissible as evidence.

(f)     Failure by any party to enforce any of the remedies provided to it in this Agreement shall not be deemed a waiver of those rights.

(g)     The party representative executing this Agreement warrant that they are the duly authorized representatives of the respective entity designated below, and is fully empowered to execute this Agreement on behalf of the respective party.

(h)     This Agreement shall be construed in accordance with the laws of the State of Georgia.  If any provision of this Agreement is for any reason held to be invalid or unenforceable, such provision shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid and/or unenforceable provision had never been contained herein.

(i)     The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed to constitute an executed original, even though not all signatures may appear on the same counterpart.

(j)     Except as may be expressly stated otherwise, all notices, correspondence and other matters to be sent should be sent to the parties as follows: (1) to John Mays of Mays & Kerr LLC, 229 Peachtree Street, International Tower, Suite 980, Atlanta, Georgia 30303 and (2) J. Larry Stine, Esq., of Wimberly, Lawson, Steckel, Schneider & Stine, P.C., 3400 Peachtree Road, N.E., Suite 400, Atlanta, Georgia 30326.

7.     <u>Date</u>

The Effective Date of this Agreement will be the day the Court enters an Order approving this Settlement Agreement or administratively closing this case whichever is first.

*{Signatures on Next Page}*

Initials _____

CONFIDENTIAL

**THIS IS A RELEASE**
**READ BEFORE SIGNING**

**EMPLOYEES:**

_____
Gregory Sweet

Date: _____

_____
Jaqueris Bouttry

Date: _____

_____
Pierre Brown

Date: _____

_____
Denise Powell

Date: _____

_____
Pamela Rooks

Date: _____

_____
Tausha Saxton

Date: _____

_____
Morgan Stovall

Date: _____

_____
Conan Wilson

Date: _____

I have reviewed and discussed this
agreement with Employees:

_____
John Mays
Mays & Kerr LLC

Date: _____

CLEARSIGNAL NETWORKS LLC

By: _____
J. Larry Stine

Its: _Attorney_____

Date: _April 8, 2013_____

CLEARSIGNAL NETWORKS
SOLUTIONS, INC. _By J Larry St Its Attorney_

_____
Robert Henry

Date: _____

_____
Judy Gordon Henry

Date: _____

Initials _____

CONFIDENTIAL

**THIS IS A RELEASE**
**READ BEFORE SIGNING**

**EMPLOYEES:**

_____
Gregory Sweet

Date: _____

_____
Jaqueris Bouttry

Date: _____

_____
Pierre Brown

Date: _____

_____
Denise Powell

Date: _____

_____
Pamela Rooks

Date: _____

_____
Taousha Saxton

Date: _____

_____
Morgan Stovall

Date: _____

_____
Conan Wilson

Date: _____

I have reviewed and discussed this
agreement with Employees:

_____
John Mays
Mays & Kerr LLC

Date: _____

CLEARSIGNAL NETWORKS LLC

By: _____
         J. Larry Stine

Its: __Attorney_____

Date: _____

CLEARSIGNAL NETWORKS
SOLUTIONS, INC.

_____
Robert Henry

Date: _____

_____
Judy Gordon Henry

Date: _____

Initials _____

CONFIDENTIAL

**THIS IS A RELEASE**
**READ BEFORE SIGNING**

**EMPLOYEES:**

_____
Gregory Sweet

Date: _____

_____
Jaqueris Bouttry

Date: _____

_____
Pierre Brown

Date: _____

_____
Denise Powell

Date: _____

_____
Pamela Rooks

Date: _____

_____
Tausha Saxton

Date: _____

_____
Morgan Stovall

Date: _____

_____
Conan Wilson

Date: _____

I have reviewed and discussed this
agreement with Employees:

_____
John Mays
Mays & Kerr LLC

Date: _____

CLEARSIGNAL NETWORKS LLC

By: _____
        J. Larry Stine

Its:   Attorney

Date: _____

CLEARSIGNAL NETWORKS
SOLUTIONS, INC.

_____
Robert Henry

Date: _____

_____
Judy Gordon Henry

Date: _____

Initials _____